T. M. BRITT and Jane E. Britt, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Harold M. BRITT, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. Nos. 66–4, 66–5.

United States District Court
M. D. Florida,
Orlando Division.

Aug. 14, 1968.

M. W. Wells, Jr., Maguire, Voorhis & Wells, Orlando, Fla., for plaintiffs.

Edward F. Boardman, U. S. Atty., Tampa, Fla., Eugene P. Kopp, United States Dept. of Justice, Washington, D. C., for defendant.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE C. YOUNG, District Judge.

These cases have been consolidated for all purposes and each is a suit for a refund of income taxes and interest paid to the UNITED STATES OF AMERICA as a result of an assessed deficiency. The cases were by agreement of counsel tried before the Court without a jury. The evidence consisted of a stipulation of facts filed January 29, 1968, the supplement to the stipulation of facts filed January 31, 1968, interrogatories propounded by the defendant to the plaintiffs filed November 22, 1966, the answers to said interrogatories filed December 8, 1966, and the depositions of ROBERT F. STONEROCK, JAMES F. McKEY, and T. M. BRITT.

The controversy in these cases arises as a result of T. M. BRITT on September 27, 1958 having caused to be formed two corporations, TOMMIE BRITT CORPORATION and CONNIE CORPORATION, and HAROLD M. BRITT on the same date having caused to be formed HAROLD M. BRITT, INC., a corporation.

BRITT FRUIT COMPANY was a partnership or joint venture organized in December, 1952, in which T. M. BRITT and HAROLD M. BRITT each owned a 50% interest. On October 1, 1958, T. M. BRITT transferred to TOMMIE BRITT CORPORATION an undivided 14% interest in the BRITT FRUIT COMPANY assets and another undivided 14% interest in BRITT FRUIT COMPANY assets to the CONNIE CORPORATION. On the same date HAROLD M. BRITT transferred to HAROLD M. BRITT CORPORATION an undivided 21% interest in the BRITT FRUIT COMPANY assets.

At the time TOMMIE BRITT CORPORATION and CONNIE CORPORATION were organized, T. M. BRITT became the sole stockholder of each of those two corporations; at the time of the formation of HAROLD M. BRITT, INC., HAROLD M. BRITT became the sole stockholder thereof.

On December 30, 1960, 20 (twenty) of the 1,000 shares of HAROLD M. BRITT, INC., were transferred and reissued to TOMMIE E. BRITT, CONSTANCE J. BRITT, and EULA B. GRANT in certificates of 5 (five) shares, 5 (five) shares and 10 (ten) shares respectively as gifts of stock from HAROLD M. BRITT.

In 1959, 60 (sixty) shares of the 1,000 shares of TOMMIE BRITT CORPORATION were transferred and reissued to THOMAS E. BRITT, son of T. M. BRITT, as a gift of stock from T. M. BRITT; a similar gift was made in 1960 in the amount of 40 (forty) shares and a similar gift in 1962 in the amount of 60 (sixty) shares.

In 1959, 60 (sixty) shares of the 1,000 shares of CONNIE CORPORATION were transferred and reissued to CONSTANCE J. BRITT, daughter of T. M. BRITT, as a gift of stock from T. M. BRITT; a similar gift was made in 1960 in the amount of 40 (forty) shares and a similar gift in 1962 in the amount of 60 (sixty) shares.

On October 30, 1959, a Form 2553, Election by Small Business Corporation, was filed for TOMMIE BRITT CORPORATION and another for CONNIE CORPORATION for the fiscal year ending September 30, 1960 and for each subsequent year thereafter. In October 1963, a Form 2553, Election by Small Business Corporation, was filed for HAROLD M. BRITT, INC. Since the filing of the Small Business Corporation Election forms the income of the various corporations has been reflected and included in the individual tax returns of the respective stockholders.

Initially the Government contended that all the income of TOMMIE BRITT CORPORATION and CONNIE CORPORATION for the calendar year 1959 was includable in the joint income of T. M. BRITT and JANE E. BRITT, his wife, and that all of the income of HAROLD M. BRITT, INC., for the years

prior to the Small Business Corporation Election was includable in the individual income of HAROLD M. BRITT. At the time of trial counsel for the Government conceded that the minority interests in each of those corporations should have been recognized by the Internal Revenue Service and that, therefore, the deficiencies should have been adjusted accordingly. To that extent, then, the Government conceded the validity of the claims of the plaintiffs in these cases.

After considering the evidence and arguments of counsel made both orally and in written briefs and the law applicable to this type of case, this Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Court adopts and incorporates herein by this reference the stipulation of facts filed January 29, 1968.

2. The Court adopts and incorporates herein by this reference the supplement to the stipulation of facts filed January 31, 1968.

3. Each of the three corporations, TOMMIE BRITT CORPORATION, CONNIE CORPORATION and HAROLD M. BRITT, INC., were caused to be formed as convenient vehicles through which T. M. BRITT and HAROLD M. BRITT could transfer during their lifetimes portions of their assets.

4. None of the three corporations was a sham but they had no business purpose other than to act as vehicles for the transfer of assets as aforesaid.

5. From the dates of incorporation to the times of being treated as Subchapter S corporations, no substantial transfer of stock had been made by T. M. BRITT as to TOMMIE BRITT CORPORATION and CONNIE CORPORATION or by HAROLD M. BRITT as to HAROLD M. BRITT, INC.

## CONCLUSIONS OF LAW

1. The fact that if there had been a loss instead of profit in the contested years by each of the corporations the Government could have and probably would have held the stockholders to the existence of the separate jural persons and thereby precluded a tax loss in the returns of the individual stockholders is not material to this case because the Supreme Court of the United States has held:

" * * * A taxpayer is free to adopt such organization for his affairs as he may choose and having elected to do some business as a corporation, he must accept the tax disadvantages.

On the other hand, the Government may not be required to acquiesce in the taxpayer's election of that form for doing business which is most advantageous to him. The Government may look at actualities and upon determination that the form employed for doing business or carrying out the challenged tax event is unreal or a sham may sustain or disregard the effect of the fiction as best serves the purposes of the tax statute. * * * "
Smith v. Higgins, 308 U.S. 473, 477, 60 S.Ct. 355, 358, 84 L.Ed. 406.

So, although the plaintiffs might be held to the corporate form in the contested years in the event such corporate existence had proved disadvantageous taxwise to the individual plaintiffs, nevertheless, the Government is not bound to such corporate form and may look at the activities for a determination as to whether or not taxwise such corporate form was unreal or a sham.

2. For a corporation to be considered as a separate jural person for the purpose of taxation it must engage in some industrial, commercial, or other activity besides avoiding taxation. National Investors Corp., v. Hoey, 144 F.2d 466 (2nd Cir. 1944). In the *National Investors* case the plaintiff there, seeking a tax refund, claimed a loss in the value of shares of a corporation, Investors Fund, which had been organized to unite into a single corporation the plaintiff and various other investment corporations but the plan was rejected by the stockholders and liquidation of the In-

vestors Fund resulted in the loss claimed. The Second Circuit held that, although Investors Fund was initially a mere shell, when it was used as a means of putting through the consolidation that such use was a "business activity" in the sense contemplated by the tax statutes for the recognition of a corporation as a separate jural person, but when the consolidation plan was rejected and the corporation had no further reason for existence that it could be recognized as a separate jural person for only a reasonable time thereafter so that unless the loss in value of its shares occurred within the reasonable time thereafter such loss was not recognizable.

4. In the cases at bar, although the purpose of utilizing the corporations for the transfer of assets is a legitimate purpose and can result in the transfer of assets to other parties recognizable by the tax laws, until such transfers have substantially occurred, the corporations were not engaged in any business activities within the meaning of the income tax statutes as applicable to the years in issue here, so as to result in recognition of the corporations' income as not includable in the personal incomes of the principal stockholders. Therefore, to the extent that the corporations were merely the repositories of the individual assets of T. M. BRITT and HAROLD M. BRITT, the income from such assets should be treated as the individual income of T. M. BRITT and HAROLD M. BRITT, individually.

Therefore, except to the extent that the Government has conceded the merits of the claims of the respective plaintiffs, as above noted, the claims of the plaintiffs should be denied.

Counsel are requested to submit a proposed form of judgment in each case in accordance with the aforesaid findings of fact and conclusions of law.

## STIPULATION OF FACTS

The parties, through their respective counsel, stipulate and agree to the facts herein set forth, for the purpose of these actions only:

1. T. M. Britt and Jane E. Britt are husband and wife, citizens of the United States of America, and residents of Orange County, Florida. They have two children, Thomas (Tommy) E. Britt, born September 3, 1937, and Constance (Connie) Britt, born December 28, 1940.

2. Harold M. Britt is single, a citizen of the United States of America, and a resident of Orange County, Florida. He has no children.

3. T. M. Britt and Harold M. Britt are brothers, and they have one sister, Eula Britt Grant, who lives in Sarasota, Florida. She has one child.

4. T. M. Britt and Jane E. Britt timely filed joint income tax returns with the District Director, Internal Revenue Service, Jacksonville, Florida, for the calendar years 1959, 1960, and 1961. The Internal Revenue Service made assessment of a deficiency of tax for each year.

| | 1959 | 1960 | 1961 |
|---|---|---|---|
| Tax paid with return filed | $29,075.09 | $17,289.77 | $ 550.26 |
| Deficiency assessed by Internal Revenue Service and paid: | | | |
| Tax | 21,212.87 | 782.42 | 398.61 |
| Interest | 6,200.62 | 177.77 | 64.63 |
| Date of Payment | 3-1-65 | 3-1-65 | 3-1-65 |
| Claim for Refund: | | | |
| Date filed | 8-30-65 | 8-30-65 | 8-30-65 |
| Date disallowed | 12-23-65 | 12-23-65 | 12-23-65 |

5. Harold M. Britt timely filed his income tax returns with the District Director, Internal Revenue Service, Jacksonville, Florida, for the calendar years 1959, 1960, and 1961. The Internal Revenue Service made assessment of a deficiency of tax for each year.

| | 1959 | 1960 | 1961 |
|---|---|---|---|
| Tax paid with return filed | $14,121.99 | $13,382.50 | $14,476.70 |
| Deficiency assessed by Internal Revenue Service and paid: | | | |
| Tax | 16,334.40 | 11,862.07 | 7,842.16 |
| Interest | 4,774.57 | 2,755.57 | 1,371.64 |
| Date of Payment | 3-17-65 | 3-17-65 | 3-17-65 |
| Claim for Refund: | | | |
| Date filed | 8-30-65 | 8-30-65 | 8-30-65 |
| Date disallowed | 12-23-65 | 12-23-65 | 12-23-65 |

6. Britt Fruit Company is a partnership/joint venture organized December 16, 1952 by T. M. Britt and Harold M. Britt with a 50% interest each. Britt Fruit Company has engaged in the business of operating citrus groves and providing grove caretaking services since organization through the present time. During 1959, 1960, and 1961 the principal assets of Britt Fruit Company were bank accounts, stocks, citrus groves, and other real estate, grove caretaking equipment and vehicles, and office furniture and equipment. There were outstanding mortgage liabilities to Florida Citrus Production Credit Association and Federal Land Bank.

7. There was no written partnership agreement between T. M. Britt and Harold M. Britt for Britt Fruit Company, although there was an understanding and agreement between them that the contributions to capital would be equal, all profits and losses would be shared equally, and that T. M. Britt would be the active manager of the business of Britt Fruit Company and would receive compensation for managerial services. It was originally contemplated by the parties that Harold M. Britt would devote such time and attention to the operation of the grove properties as he might be capable from time to time. Harold M. Britt has consulted with T. M. Britt and J. F. McKey from time to time concerning the grove operations, caretaking practices, sales of fruit, borrowings, and the like, and also has occasionally inspected the grove properties by riding through them in his automobile.

7(A). There has been no written partnership agreement among T. M. Britt, Harold M. Britt, Thomas E. Britt, Constance Britt Holland, Tommy Britt Corporation, Connie Corporation, and Harold M. Britt, Inc. There has been an understanding and agreement among them that contributions to capital and profits and losses would be shared and allocated according to the respective percentage interest of each in the assets of Britt Fruit Company; that T. M. Britt would serve as active manager of the business of Britt Fruit Company and would receive compensation therefor.

7(B). Thomas E. Britt has performed some services for Britt Fruit Company during the summer months of 1956, 1957, 1958, and 1959, and received compensation therefor. His services were in connection with the grove caretaking business conducted by Britt Fruit Company.

7(C). Constance Britt Holland worked for Britt Fruit Company in the summer of 1959 in the office and received compensation therefor.

8. Britt Fruit Company maintains an office in Winter Garden, Florida, has employees, maintains books of account, including cash journal and general ledger, and conducts general business activities. Britt Fruit Company maintains a clerical staff under the supervision of J. F. McKey. The office personnel keeps the books and records for the following entities: T. M. Britt, Jane E. Britt, Britt Fruit Company, Tommy Britt Corporation, Connie Corporation, Harold M. Britt, Inc., Britt Harvesting Company, Britt Groves, Inc., Britt Farming Company, Jane E. Britt, Inc., T. M. Britt, Inc., Britt Housing Corporation, T. M. Britt Trust, Susan B. Britt, Susan B. Britt Trust.

9. Capital investment in citrus groves, real estate and equipment is an income-producing factor for the business of Britt Fruit Company. Ownership of real estate, including citrus trees is an essential element in any grove business operation. Ownership of equipment is an essential element in any grove caretaking business. Performance of personal service by an owner of citrus grove property is not required for its business operation. Grove caretaking, picking and marketing of fruit and every active aspect of grove operation may be and frequently are provided by employees and/or independent contractors. Absentee ownership of citrus grove operations in Florida is common.

10. Britt Fruit Company keeps its books on a cash basis and for a fiscal year ending on September 30. A partnership income tax return for Britt Fruit Company has been filed for the fiscal years ending September 30, 1959, 1960, and 1961.

11. On September 27, 1958 T. M. Britt caused to be formed two corporations under the laws of the State of Florida, namely: Tommy Britt Corporation and Connie Corporation. On October 1, 1958 T. M. Britt transferred to each corporation an undivided 14% interest in the Britt Fruit Company and each of the assets thereof. The transfer of assets to each corporation was made in exchange for 1,000 shares of common stock which were issued to T. M. Britt. The qualifying shares in each corporation issued to Jane Britt and J. F. McKey were cancelled and re-issued to T. M. Britt.

12. On September 27, 1958 Harold M. Britt caused to be formed one corporation under the laws of the State of Florida, namely: Harold M. Britt, Inc. On October 1, 1958 Harold M. Britt transferred to the corporation an undivided 21% interest in the Britt Fruit Company and each of the assets thereof. The transfer of assets to the corporation was made in exchange for 1,000 shares of common stock which were issued to Harold M. Britt. The qualifying shares in the corporation issued to T. M. Britt and J. F. McKey were cancelled and re-issued to Harold M. Britt.

13. The transfers of assets to each of the three corporations were by three documents: A Bill of Sale for personal property, a Warranty Deed for real property in Lake County, Florida, and a Warranty Deed for real property in Orange County, Florida. The deeds to real properties were recorded in the Public Records of Orange and Lake Counties on October 6, 1958.

14. Tommy Britt Corporation, Connie Corporation, and Harold M. Britt, Inc. each is a duly organized and existing corporation under the laws of the State of Florida, and has been so since October 1, 1958 to the present date. Annual corporation capital stock tax returns to the Secretary of State of the State of Florida have been filed for each corporation as of June 30, 1959 and each subsequent year, and the taxes shown to be due thereby have been paid by the corporation.

15. Each corporation keeps a set of books on the cash basis, and has adopted a fiscal year ending September 30.

16. Tommy Britt Corporation and Connie Corporation each filed a Form 1120 corporation income tax return for the fiscal year ended September 30, 1959 and paid the tax shown to be due thereby. Form 2553, Election By Small Business Corporation, was filed on October 30, 1959 for each of the two corporations for the fiscal year ended September 30, 1960 and each subsequent year. For the fiscal year ended September 30, 1960 and September 30, 1961 each of the two corporations has filed Form 1120–S (with amended returns having been filed January 13, 1961 for the Year Ended September 30, 1960 to correct a mathematical error in the original return for that year) and the income reflected thereby was included in the individual income tax returns of the stockholders of each corporation for the calendar years 1960 and 1961.

17. Harold M. Britt, Inc. has filed a Form 1120 corporation income tax return for each of the fiscal years ended September 30, 1959, September 30, 1960, and September 30, 1961 (with amended returns having been filed January 13, 1961 for the Year Ended September 30, 1960 to correct a mathematical error in the original return for that year) and has paid the tax shown to be due on each return. Form 2553, Election By Small Business Corporation, was filed in October, 1963 for Harold M. Britt, Inc. For each fiscal year since then, Harold M. Britt, Inc. has filed Form 1120–S and the income reflected thereby has been included in the individual income tax returns of the stockholders.

18. The annual income tax returns filed by each corporation on Form 1120, or Form 1120–S, have included income from the Britt Fruit Company in an amount equal to the amount shown on the Form 1065 filed in each year by Britt Fruit Company as being the distributable share of income of each corporation.

19. Each corporation maintains a checking account in the First National Bank of Winter Garden, Winter Garden, Florida. During the fiscal years ended September 30, 1959, September 30, 1960, and September 30, 1961, the only deposits in any of the corporate checking accounts were distributions of cash from Britt Fruit Company, and the only checks written against the account were in payment of attorney's fee and costs for organization expenses, payment of income tax, payment of state corporation capital stock tax, and payment of accounting fee to the CPA for preparation of the annual income tax return of the corporation.

20. Britt Fruit Company maintains checking accounts for payroll purposes and for general business transactions. All income is deposited into one of the checking accounts and all expenses of Britt Fruit Company are paid through these accounts. Grove equipment and other tangible personal property has been acquired through the Britt Fruit Company account for use in grove care operations and in office work. Marketing of fruit from the groves of Britt Fruit Company has been handled largely through a cooperative and it has been necessary from time to time to acquire stock in the cooperative. Other stock has been acquired in Florida Citrus Production Credit Association from time to time as loans have been obtained on the grove properties and the crops thereon for use by Britt Fruit Company.

21. T. M. Britt serves as Manager of the business operations of Britt Fruit Company and is paid compensation for his services as such Manager.

22. The net income or loss, after salaries and other expenses, is allocated ratably among the co-owners of the assets comprising Britt Fruit Company according to the respective interest of each in such assets.

23. Prior to 1958, T. M. Britt and Harold M. Britt each owned an undivided 50% interest in the various assets constituting Britt Fruit Company. In 1958, when Thomas E. Britt reached the age of 21 years, he received a 4% interest in the

several assets constituting Britt Fruit Company by gift from his father, T. M. Britt. The transfer of the interest in the assets was by Bill of Sale and Warranty Deeds. The Warranty Deeds were recorded in the Public Records of Orange and Lake Counties, Florida.

24. Mr. T. M. Britt planned to make additional gifts of interest in Britt Fruit Company to his son, Thomas E. Britt, each year, and to begin similar gifts to his daughter, Constance J. Britt, when she attained the age of 21 years in 1961. The reasons for the planned gifts were for estate planning purposes, to encourage the children, and especially the son, to take an active interest in the business in Winter Garden, and to provide them with additional income.

25. Mr. T. M. Britt discussed the plan for making gifts to his children with his CPA, Mr. R. F. Stonerock. The CPA advised him of the complexities involved in transfers of undivided interest in property, particularly as they relate to income tax, probate, and accounting problems.

26. Harold M. Britt desired to transfer part of his interest in Britt Fruit Company to other members of his family, primarily the children of his brother, T. M. Britt, and his sister, Eula Britt Grant. Harold M. Britt is a semi-invalid and is dependent on the success of various businesses managed by his brother, T. M. Britt.

27. Upon recommendation of the CPA, the three corporations, namely: Tommy Britt Corporation, Connie Corporation, and Harold M. Britt, Inc., were organized, and Harold M. Britt and T. M. Britt transferred interests in Britt Fruit Company to each corporation. The corporations were organized primarily to provide the vehicle for the making of gifts to the children without resultant problems pointed out by the CPA. Income tax consequences were not primary in this determination, although they were considered by the CPA, J. F. McKey, and T. M. Britt, but not by Harold M. Britt.

28. Since October 1, 1958 through September 30, 1961, the assets of Britt Fruit Company were owned in the following percentages:

| | |
|---|---|
| Harold M. Britt | 29% |
| Harold M. Britt, Inc. | 21% |
| T. M. Britt | 18% |
| Thomas E. Britt | 4% |
| Tommy Britt Corporation | 14% |
| Connie Corporation | 14% |
| Total | 100% |

Constance Britt Holland received a 4% interest from T. M. Britt in December, 1961.

29. The income tax return, Form 1065, filed for Britt Fruit Company for the fiscal years ended September 30, 1959, September 30, 1960, and September 30, 1961, reflects the interests in Britt Fruit Company as above set forth.

30. Each of the above-named has been considered and treated as the owner of an interest in the various assets of Britt Fruit Company by each of the other owners of interest in Britt Fruit Company and by the Florida Citrus Production Credit Association.

31. Britt Fruit Company has been indebted to Florida Citrus Production Credit Association, Orlando, Florida, at all times since 1953, and for each loan transaction since October 1, 1958 all of the above-named owners have been required to join in the execution of all notes, mortgages, applications, and other

documents. Notes evidencing loans to Britt Fruit Company from Florida Citrus Production Credit Association include the following:

| | |
|---|---|
| March 3, 1960 | $70,000.00 |
| February 18, 1961 | 70,000.00 |
| December 16, 1961 | 70,000.00 |
| February 18, 1963 | 72,000.00 |
| October 24, 1963 | 74,000.00 |
| March 4, 1965 | 31,000.00 |
| February 2, 1966 | 38,000.00 |

32. Since October 1, 1958, every loan application, note, mortgage, and other document, filed with Florida Citrus Production Credit Association shows that Britt Fruit Company is the fictitious name of T. M. Britt, H. M. Britt, T. E. Britt, Connie Corporation, Tommy Britt Corporation, and Harold M. Britt, Inc. The credit association has required the filing of financial statements each year by Britt Fruit Company, and by each of the owners of interest therein named above. A financial statement for each of the three corporations has been filed each year showing the principal asset of each to be an interest in the properties of Britt Fruit Company. Copies of such statements are shown to have been submitted on January 16, 1959, February 26, 1960, February 23, 1961, and December 31, 1961. With every loan made after October 1, 1958, the credit association required each of the three corporations to furnish a certified copy of Resolution To Borrow duly executed by the officers of each corporation. All notes have been required to be executed by all three corporations, as well as the other co-owners of assets of Britt Fruit Company. With every loan from Florida Citrus Production Credit Association, the borrower is required to purchase Class A stock of the Association. As of December 31, 1961, the three corporations, Tommy Britt Corporation, Connie Corporation, and Harold M. Britt, Inc. owned 874 shares of such Class A stock. A Form 1099 for the calendar year 1961 was filed by the credit association showing the dividends of $131.10 and patronage dividends, rebates or refunds, of $130.64 were paid to the three named corporations.

33. The principal assets of each corporation consists of an undivided interest in certain real and personal properties which are primarily citrus groves and grove caretaking equipment. The undivided interest of each corporation in these assets, together with the other interests in the same assets, are combined for operating purposes under the name, Britt Fruit Company. All transactions and activities with respect to the properties and assets are reflected on the partnership income tax return, Form 1065, filed for Britt Fruit Company. This return reflects all income from sales of citrus fruits, income from grove caretaking charges, expenses of grove care and cultivation, cost of acquisition and maintenance of equipment, and all other financial transactions relating to the groves and other assets of Britt Fruit Company. Such income tax return for Britt Fruit Company filed for the years ended September 30, 1959, September 30, 1960, and September 30, 1961, reflect the ownership of an undivided interest by Tommy Britt Corporation of 14%, Connie Corporation of 14%, Harold M. Britt, Inc. of 21%, Thomas E. Britt of 4%, Harold M. Britt of 29%, and T. M. Britt of 18%.

34. Each corporation has a set of By-Laws and a Minute Book is maintained to record the actions of stockholders and directors of the corporation, which essentially are annual meetings for elections of officers and directors, and special meetings for approval of

loans from Florida Citrus Production Credit Association.

35. Initially, all of the stock of Harold M. Britt, Inc. was owned by Harold M. Britt. On December 30, 1960, 20 of the 1,000 shares of the corporation were transferred and re-issued to Thomas E. Britt, Constance J. Britt, and Eula Britt Grant, in certificates of 5 shares, 5 shares, and 10 shares, respectively. Such transfers of stock were gifts from Harold M. Britt.

36. Initially, the capital stock of Tommy Britt Corporation and Connie Corporation was held entirely by T. M. Britt. Stock in Tommy Britt Corporation was transferred and re-issued to Thomas E. Britt as follows:

| | |
|---|---|
| 1959 | 60 shares |
| 1960 | 40 shares |
| 1962 | 60 shares |

Stock of Connie Corporation was transferred and re-issued to Constance J. Britt as follows:

| | |
|---|---|
| 1959 | 60 shares |
| 1960 | 40 shares |
| 1962 | 60 shares |

These transfers of stock to Thomas E. Britt and Constance J. Britt were by gift from their father, T. M. Britt. T. M. Britt planned to make annual gifts of stock in the two corporations to his children so that eventually his son would own all of the stock of Tommy Britt Corporation, and his daughter would own all of the stock of Connie Corporation.

37. In 1961 a 4% interest in the assets comprising Britt Fruit Company was transferred from T. M. Britt to Constance J. Britt. This gift, made when Constance became 21, was to balance a similar gift to Tommy.

38. As of September 30, 1960 the following journal entry was made on the books of Britt Fruit Company:

(6)

| | | |
|---|---|---|
| Note Receivable-T. M. Britt | $40,000.00 | |
| Accounts-Tommy Britt Corporation | 40,000.00 | |
| Accounts-Connie Corporation | 40,000.00 | |
| Accounts-Harold M. Britt, Inc. | 5,000.00 | |
| Accounts-T. M. Britt | | $120,000.00 |
| Accounts-H. M. Britt | | 5,000.00 |

To record the note receivable from T. M. Britt and to transfer loans made by Tommy Britt Corporation and Connie Corporation to T. M. Britt and to transfer loan made by Harold M. Britt, Inc. to H. M. Britt.

———◆———

39. As of September 30, 1960 the following entry was made on the books of T. M. Britt:

| | | |
|---|---|---|
| Britt Fruit Company | $120,000.00 | |
| Britt Fruit Company-Note Payable | | $40,000.00 |
| Connie Corporation | | 40,000.00 |
| Tommy Britt Corporation | | 40,000.00 |

———◆———

T. M. Britt paid $40,000.00 in cash to each Connie Corporation and Tommy Britt Corporation on September 30, 1964 in payment of the loans made September 30, 1960.

40. During the period October 1, 1958 through September 30, 1961 there was maintained on the books of Britt Fruit Company two accounts—"Partner" and "Account"—for each T. M. Britt, Thomas Edward Britt, Connie Corporation, Tommy Britt Corporation, Harold M. Britt, and Harold M. Britt, Inc. The following is the analysis of those accounts for that period:

### T. M. BRITT

| | Partner | Account | Net |
|---|---|---|---|
| 10/1/58 Balances | $79,910.33 | $ 77,552.22 | $ 2,358.11 |
| **Year Ended 9/30/59** | | | |
| Advances | | (a) 377,204.54 | (374,846.43) |
| Repayments | | (a) (378,453.09) | 3,606.66 |
| Credit for Note | | (40,000.00) | 43,606.66 |
| Credit for excess of market value over cost of production of citrus fruit given to charity | 192.72 | | 43,799.38 |
| Share of Profit | 20,640.89 | | 64,440.27 |
| Transfer of two 14% interests and one 4% interest | (51,142.61) | | 13,297.66 |
| **Year Ended 9/30/60** | | | |
| Advances | | (a) 504,986.51 | (491,688.85) |
| Repayments | | (a) (299,995.54) | (191,693.31) |
| Transfer Capital from Britt Farming Co. | | (18,400.00) | (173,293.31) |
| Loan from Tommy Britt Corp. | | (40,000.00) | (133,293.31) |
| Loan from Connie Corp. | | (40,000.00) | (93,293.31) |
| Credit for Note | | (40,000.00) | (53,293.31) |
| Share of Profit | 55,328.35 | | 2,035.04 |
| **Year Ended 9/30/61** | | | |
| Profits | 10,214.38 | | |
| Advances | | (a) 414,933.91 | |
| Repayments | | (a) (354,656.78) | |
| Credit for Note | | (50,000.00) | 1,972.29 |

(a) Includes grove care charge and adjustments

### HAROLD M. BRITT

| | Partner | Account | Net |
|---|---|---|---|
| 10/1/58 Balances | $79,910.32 | $21,801.47 | $ 58,108.85 |
| **Year Ended 9/30/59** | | | |
| Advances | | 51,209.00 | 6,899.85 |
| Repayments | | (2,500.00) | 9,399.85 |
| Transfer of 21% interest to Harold M. Britt, Inc. | (33,562.33) | | (24,162.48) |
| Credit for excess of market value over cost of production of citrus fruit given to charity | 310.48 | | (23,852.00) |
| Share of Profit | 33,254.76 | | 9,402.76 |
| **Year Ended 9/30/60** | | | |
| Advances | $ | $ 59,215.56 | $(49,812.80) |
| Transfer capital from Britt Farming Co. | | (22,000.00) | (27,812.80) |
| Loan from Harold M. Britt, Inc. | | (5,000.00) | (22,812.80) |
| Correction for error in distribution of profit for FY 9/30/59 | .01 | | (22,812.81) |
| Share of Profit | 24,695.66 | | 1,882.85 |
| **Year Ended 9/30/61** | | | |
| Share of Profits | 16,456.50 | | |
| Advances | | 63,547.37 | |
| Credit for Note | | (46,000.00) | 791.98 |

## THOMAS EDWARD BRITT

| | Partner | Account | Net |
|---|---|---|---|
| 10/1/58-Transfer from T. M. Britt (4%) | $ 6,392.83 | $ | $ 6,392.83 |
| **Year Ended 9/30/59** | | | |
| Share of Profits | 4,586.86 | | 10,979.69 |
| Adjustment | 42.82 | | 11,022.51 |
| Withdrawals | | 2,613.31 | 8,409.20 |
| **Year Ended 9/30/60** | | | |
| Share of Profits | 3,406.30 | | 11,815.50 |
| Withdrawals | | 13.00 | 11,802.50 |
| Credit for auto traded | | (2,270.00) | 14,072.50 |
| **Year Ended 9/30/61** | | | |
| Share of Profits | 2,269.87 | | 16,342.37 |
| Withdrawals | | 15.60 | 16,326.77 |

## TOMMY BRITT CORPORATION

| | Partner | Account | Net |
|---|---|---|---|
| 10/1/58 Transfer from T. M. Britt (14%) | $22,374.89 | $ | $22,374.89 |
| **Year Ended 9/30/59** | | | |
| Share of Profits | 16,054.02 | | 38,428.91 |
| Adjustment | 149.89 | | 38,578.80 |
| Withdrawal | | 300.00 | 38,278.80 |
| **Year Ended 9/30/60** | | | |
| Share of Profits | 11,922.05 | | 50,200.85 |
| Withdrawal | | 4,750.00 | 45,450.85 |
| Loan to T. M. Britt | | 40,000.00 | 5,450.85 |
| **Year Ended 9/30/61** | | | |
| Share of Profits | 7,944.52 | | 13,395.37 |
| Withdrawal | | | 13,395.37 |

CONNIE CORPORATION

| | Partner | Account | Net |
|---|---|---|---|
| 10/1/58 Transfer from T. M. Britt (14%) | $22,374.89 | $ | $22,374.89 |
| **Year Ended 9/30/59** | | | |
| Share of Profits | 16,054.02 | | 38,428.91 |
| Adjustment | 149.89 | | 38,578.80 |
| Withdrawal | | 300.00 | 38,278.80 |
| **Year Ended 9/30/60** | | | |
| Share of Profits | 11,922.05 | | 50,200.85 |
| Withdrawal | | 4,750.00 | 45,450.85 |
| Loan to T. M. Britt | | 40,000.00 | 5,450.85 |
| **Year Ended 9/30/61** | | | |
| Share of Profits | 7,944.52 | | 13,395.37 |
| Withdrawal | | | 13,395.37 |

HAROLD M. BRITT, INC.

| | Partner | Account | Net |
|---|---|---|---|
| 10/1/58 Transfer from Harold M. Britt (21%) | $33,562.33 | $ | $33,562.33 |
| **Year Ended 9/30/59** | | | |
| Share of Profits | 24,081.03 | | 57,643.36 |
| Adjustment | 224.84 | | 57,868.20 |
| Withdrawal | | 300.00 | 57,568.20 |
| **Year Ended 9/30/60** | | | |
| Share of Profits | 17,883.07 | | 75,451.27 |
| Adjustment | 01 | | 75,451.28 |
| Withdrawals | | 7,150.00 | 68,301.28 |
| Loan to Harold M. Britt | | 5,000.00 | 63,301.28 |
| **Year Ended 9/30/61** | | | |
| Share of Profits | 11,916.77 | | 75,218.05 |
| Withdrawal | | 5,400.00 | 69,818.05 |

41. In addition to interest in Britt Fruit Company, Tommy Britt Corporation and Connie Corporation, Mr. T. M. Britt owns all of the issued and outstanding stock of T. M. Britt, Inc., incorporated September 5, 1947, Britt Harvesting Company, incorporated September 27, 1958, and Britt Groves, Inc., incorporated September 27, 1958. Britt Groves, Inc. has been an elected corporation under Subchapter S of the Internal Revenue Code since October 30, 1959.

42. Britt Groves, Inc., which is owned by Mr. T. M. Britt, holds an undivided

one-fourth interest in Britt Farming Company, a partnership (which partnership interest was held by T. M. Britt until the transfer to the corporation on September 27, 1958), and one-fourth of the stock of Britt Housing Corporation, which was incorporated November 12, 1965.

43. The other partners of Britt Farming Company, which was organized July 10, 1943, are: Harold M. Britt Trust— 25% (the 25% interest of Harold M. Britt was transferred to the Harold M. Britt Trust on March 18, 1966), Eula Britt Grant—25%, Susan B. Britt Trust —25% (the 25% interest of Susan B. Britt was transferred to the Susan B. Britt Trust on December 31, 1965). The partners each own 25% of the stock of Britt Housing Corporation.

44. Jane E. Britt (Mrs. T. M. Britt) also owns 100% of all of the issued and outstanding stock of Jane E. Britt, Inc., which was incorporated July 27, 1958, and for which an election under Subchapter S of the Internal Revenue Code has been in effect since January 29, 1962.

45. On January 2, 1962 the remaining interest of T. M. Britt in the assets of Britt Fruit Company was transferred and conveyed to T. M. Britt, M. W. Wells, Jr. and R. F. Stonerock as Trustees of the T. M. Britt Trust, pursuant to Trust Agreement dated January 2, 1962; and since that date the T. M. Britt Trust has been reflected as a partner in the Britt Fruit Company.

46. On March 18, 1966, the remaining interest of Harold M. Britt in the assets of Britt Fruit Company was transferred and conveyed to Harold M. Britt, M. W. Wells, Jr. and R. F. Stonerock as Trustees of the Harold M. Britt Trust, pursuant to Trust Agreement dated March 18, 1966; and since that date the Harold M. Britt Trust has been reflected as a partner in the Britt Fruit Company.

47. Upon examination, the Commissioner of Internal Revenue, acting through his duly authorized representative, determined that the income reported by the three corporations (and, after Subchapter S elections, by the minority stockholders thereof) was taxable to T. M. Britt (as to Connie Corporation and Tommy Britt Corporation) and Harold M. Britt (as to Harold M. Britt, Inc.), two of the plaintiffs herein.

48. The 4% interest in the assets and income of Britt Fruit Company of Thomas E. Britt and Constance Britt Holland have been recognized by the Internal Revenue Service since the date of transfers of such interest in 1958 and 1961, respectively.

49. The interests of Thomas E. Britt and Constance Britt Holland as stockholders of Tommy Britt Corporation and Connie Corporation, respectively, have not been recognized by the Internal Revenue Service in the determination of reallocation of the income of the corporation.

50. The interests of Thomas E. Britt, Constance Britt Holland, and Eula Britt Grant as stockholders of Harold M. Britt, Inc. have not been recognized by the Internal Revenue Service in the determination of reallocation of the income of the corporation.

51. The book value of assets and liabilities of Britt Fruit Company, as reflected on the Form 1065's filed, is as follows:

| | 10/1/58 | 10/1/59 | 10/1/60 | 10/1/61 |
|---|---|---|---|---|
| Cash | $32,153.58 | $40,061.05 | $2,931.14 | $ 473.57 |
| Receivables | 1,365.00 | 67,828.58 | 80,880.22 | 177,075.41 |
| Investments | 73,604.56 | 50,157.92 | 46,757.92 | 36,162.92 |
| Land, Citrus Trees, Buildings and Equipment | 210,088.98 | 226,170.78 | 218,158.93 | 222,480.07 |
| Accumulated Depreciation | (67,694.96) | (79,657.67) | (93,020.43) | (96,383.23) |
| Other Assets | 927.86 | 480.59 | 1,788.12 | 2,906.58 |
| Total Assets | $250,445.02 | $305,041.25 | $257,495.90 | $342,715.32 |
| Accounts and Notes Payable | $ 52,486.06 | $ - | $ 37,114.53 | $103,529.49 |
| Mortgages Payable | 137,492.00 | 141,990.00 | 128,188.00 | 123,486.00 |
| Partners' Capital | 60,466.96 | 163,051.25 | 92,193.37 | 115,699.83 |
| Liabilities and Capital | $250,445.02 | $305,041.25 | $257,495.90 | $342,715.32 |

The current fair market value of land and citrus trees included in the above is substantially in excess of book value.

Dated this 29th day of January, 1968.

_____
Counsel for Plaintiffs

_____
Counsel for Defendant

---

## SUPPLEMENT TO STIPULATION OF FACTS

The parties, through their respective counsel, stipulate and agree to the following facts, for the purpose of this action only:

52. The items of income, capital gain, Section 1231 gain and contributions re-

flected on Form 1065 of Britt Fruit Company as being allocable to the three corporations for each of the fiscal years involved are:

| | Tommy Britt Corp. | Connie Corp. | Harold M. Britt Inc. |
|---|---|---|---|
| **Year Ended 9-30-59** | | | |
| Ordinary income | 15,911.83 | 15,911.83 | 23,867.74 |
| Long-term capital gain | 367.97 | 367.97 | 551.96 |
| Section 1231 gain | 9.52 | 9.52 | 14.28 |
| Contributions | 235.30 | 235.30 | 352.94 |
| **Year Ended 9-30-60** | | | |
| Ordinary Income | 11,983.30 | 11,983.30 | 17,974.94 |
| Section 1231 gain | 10.50 | 10.50 | 15.75 |
| Contributions | 71.75 | 71.75 | 107.62 |
| **Year Ended 9-30-61** | | | |
| Ordinary income | 7,853.39 | 7,853.39 | 11,780.08 |
| Section 1231 gain | 101.63 | 101.63 | 152.44 |

53. The deficiencies of tax, and the interest thereon, assessed to and paid by T. M. Britt and Jane E. Britt for the calendar years 1959, 1960, and 1961, as set forth in Stipulation of Fact No. 4, are entirely attributable to the inclusion as a part of their taxable income of the income of Britt Fruit Company for the fiscal years ending September 30, 1959, 1960, and 1961 which had been allocated by the taxpayers to Tommy Britt Corporation and Connie Corporation.

54. The deficiencies of tax, and the interest thereon, assessed to and paid by Harold M. Britt for the years 1959, 1960, and 1961, as set forth in Stipulation of Fact No. 5, are entirely attributable to the inclusion as a part of his taxable income of the income of Britt Fruit Company for the fiscal years ending September 30, 1959, 1960, and 1961 which had been allocated by the taxpayer to Harold M. Britt, Inc.

M. W. Wells, Jr.
Counsel for Plaintiffs

Eugene P. Kopp
Counsel for Defendant